UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NEHEMIAH ROLLE, JR.,<br>    Plaintiff, | Case No. 1:20-cv-734<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| KIMBERLY BOOD,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Nehemiah Rolle, Jr. brings this action against defendant Kimberly Bood individually, and in her official capacity as Morrow County Clerk of Courts, alleging that defendant violated plaintiff's First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights. (Doc. 1). This matter is before the Court on defendant's motion to dismiss (Doc. 5), plaintiff's memorandum in opposition (Doc. 10), and defendant's reply memorandum (Doc. 11).

Defendant moves to dismiss plaintiff's complaint on the basis of quasi-judicial, sovereign, and qualified immunity and for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Doc. 5). Defendant additionally moves to dismiss the case, or alternatively transfer venue to the Eastern Division (Columbus) of this District pursuant to 28 U.S.C. §§ 1391(b), 1406(a), and Local Rule 82.1, which provides that an action against a defendant or defendants who reside in this District "shall be filed at the location of Court that serves a county in which at least one defendant resides." S.D. Ohio Civ. R. 82.1(c). Defendant alleges that she resides, and her actions affiliated with her position as Morrow County Clerk of Courts occurred, in Morrow County, Ohio, which is served by the Eastern Division (Columbus) of this District. (*Id*. at PAGEID 20, 26-27). In opposition, plaintiff argues that venue in the Western Division is proper because "many of the criminal acts . . . occurred in Cincinnati and came through [the] US Mail to

the plaintiff in Cincinnati and it greatly prejudice[s] plaintiff to go where defendant has many white supremacy allies in northern Ohio[.]" (Doc. 10 at PAGEID 56).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. The last clause of § 1404(a) limits a transfer of venue to those districts or divisions in which the case might have been brought. *See Zukowski v. Germain*, No. 2:09-cv-662, 2010 WL 2540983, at *7 (S.D. Ohio June 18, 2010). This Court's Local Rules govern the location of court where actions must be filed. The Court must determine whether venue is proper in the Cincinnati or Columbus location of this Court under the Local Rules governing venue of actions within the Southern District. *See* S.D. Ohio Civ. R. 82.1 ("Venue of Actions within the District"). Local Rule 82.1(c) requires that "if a defendant is a resident of the Southern District of Ohio, . . . the action must be filed in the federal district court serving the county of which the defendant is a resident." *GCG Austin, Ltd. v. City of Springboro, Ohio*, 284 F.Supp.2d 927, 930 (S.D. Ohio 2003). *See also Ellis v. Centerville CJDR, LLC*, No. 1:19-cv-396, 2019 WL 3997420, at *1 (S.D. Ohio Aug. 23, 2019). However, "[i]f no defendant is a resident of this district, an action shall be filed at the location of court embracing a county in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." S.D. Ohio Civ. R. 82.1(e).

Plaintiff sued defendant in her personal and official capacity as the Morrow County Clerk of Courts. "A public official sued in the officeholder's official capacity resides in the judicial district where the officeholder performs the official duties of the office." *Blue Water Imp., Inc. v. Stickrath*, No. 3:16-cv-02477, 2020 WL 1862643, at *1 (N.D. Ohio Apr. 14, 2020). *See*

*O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  The residence of defendant is in Morrow County, Ohio.  (Doc. 11, at PAGEID 66; Doc. 5 at PAGEID 26).  The defendant in this case is therefore a resident of the Southern District of Ohio.

Because the defendant is a resident of the Southern District of Ohio, this action must "be filed at the location of Court that serves a county in which at least one defendant resides."  S.D. Ohio Civ. R. 82.1(c).  The defendant does not reside in a county served by the Western Division of the Court.  *See* S.D. Ohio Civ. R. 82.1(b).  As noted above, the defendant is a resident of Morrow County, Ohio, which is served by the Eastern (Columbus) location of the Court.  S.D. Ohio Civ. R. 82.1(b).  Thus, this action is properly venued in the Eastern Division of this Court, at Columbus, because the defendant resides in Morrow County, Ohio and the defendant is not a resident of a county served by the Western Division.

Plaintiff asserts that this case should remain in the Western Division of the Court because the events giving rise to his claims occurred in Cincinnati.  (Doc. 10 at PAGEID 56).  However, under the Local Rules of this Court, "if a defendant is a resident of the Southern District of Ohio, as is the case herein, the action must [be] filed in the federal district court serving the county of which the defendant is a resident."  *GCG Austin, Ltd.*, 284 F.Supp.2d at 930.  When the defendant resides within the Southern District of Ohio, venue is governed by Local Rule 82.1(c) and "the Court does not look to the location of the property at issue or to where a substantial part of the events or omissions giving rise to the claim occurred" under Local Rule 82.1(e).  *Id*.  The residence of the defendant is controlling, and only where the defendant does not reside within the Southern District of Ohio may the Court consider the Local Rule 82.1(e) factors, such as where a substantial part of the events or omissions giving rise to the claim occurred.  Plaintiff has not

addressed the impact of the Local Rules on the venue issue in this case or cited any authority to persuade the Court that the Local Rules do not govern in this instance.

Therefore, it is recommended that this action be transferred to the Eastern Division, at Columbus.[1] *See Svete v. Wunderlich*, No. 2:07-cv-156, 2009 WL 3028995, at *6 (S.D. Ohio Sept. 16, 2009) (intradistrict transfer motion granted pursuant to S.D. Civ. R. 82.1(c) where no defendant resided in a county served by the Eastern Division of the Court where the case was filed); *J.H. v. Ohio Dept. of Job and Family Servs.*, No. 1:19-cv-992, 2020 WL 7253300 (S.D. Ohio Dec. 10, 2020), *report and recommendation adopted*, 2021 WL 201317 (S.D. Ohio Jan. 20, 2021) (case transferred to the Eastern Division of the Court because "all defendants reside in Franklin County and no defendant is a resident of a county served by the Western Division.").

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to transfer venue (Doc. 5) be **GRANTED** and this matter be **TRANSFERRED** to the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus, for all further proceedings.

Date: 3/5/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

---

[1] As venue is improper in the Western Division of the Court, this Court need not reach defendant's other bases for dismissal included in the motion to dismiss.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,
    Plaintiff,

vs.

KIMBERLY BOOD,
    Defendant.

Case No. 1:20-cv-734
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).